## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2017, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary P. Lake
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana
Indianapolis, Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dominique M. Peoples,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 6, 2017

Court of Appeals Case No.
46A03-1705-CR-1096

Appeal from the La Porte Circuit Court.
The Honorable Thomas J. Alevizos, Judge.
Trial Court Cause Nos.
46C01-1604-F5-377
46C01-0705-FB-236

**Barteau, Senior Judge**

# Statement of the Case

Dominique Peoples appeals his sentences for Level 5 felony aiding battery[1] in one cause and for violating the terms of his probation in a separate cause. We affirm.

# Issue

The sole issue Peoples raises on appeal is whether his sentences are inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

We begin with the relevant but somewhat complex procedural history that precedes the incident that gave rise to the appeal before us. In October 2007, under Cause No. 46C01-0705-FB-236, a separate cause that is unrelated to the facts of the instant case, Peoples pleaded guilty to dealing in cocaine as a Class B felony. He was sentenced to twelve years in the Indiana Department of Correction (DOC), with six years suspended, and was placed on probation for six years.

On October 26, 2015, the La Porte County probation department filed the first petition for revocation of suspended sentence against Peoples, alleging that

---

[1] Ind. Code § 35-41-2-4 (1977) (aiding); Ind. Code § 35-42-2-1(f)(2) (2014) (battery by means of deadly weapon).

Peoples failed to report to probation as directed. On December 17, 2015, the probation department filed a second petition for revocation of suspended sentence, alleging that Peoples failed to obtain permission to change his address and that he tested positive for controlled substances.

[5] The incident that gave rise to the appeal before us occurred on February 28, 2016. P.M., the victim, Lisa Santana, and Cheryl Santana were at a bar in La Porte, Indiana. A group of men, who also were in the bar, began staring at P.M. and then insulting P.M. Included in the group were Peoples and his brother, Troy. P.M. approached the group to determine if any of the men "had a problem with him." Appellant's App. Vol. 2, p. 141. Troy used derogatory language to refer to P.M. and stated that he was going to "beat this f**'s a**." *Id.* at 140. After a small altercation, the bouncers removed P.M. from the bar.

[6] Lisa and Cheryl walked P.M. to his vehicle because they heard the group of men inside the bar "talking about how they were going to beat [P.M.] up because he was gay." *Id.* As P.M., Lisa, and Cheryl walked to P.M.'s vehicle, a group of six men, including Peoples and Troy, followed them. Troy approached P.M. and said, "I'm going to crack this f***** motherf***** in the head." *Id.* The group of men, including Peoples, attacked P.M. and began punching and kicking him. Lisa and Cheryl saw Troy hit P.M. over the head with a bottle. Lisa and Cheryl also watched Troy reach into P.M.'s pockets as the other men were beating him and take his belongings, as well as rip a necklace from P.M.'s neck. During the attack, P.M. lost consciousness and

suffered a deep laceration above his left eye. He was transported to the hospital where he received stitches for the laceration.

[7] In March 2016, before Peoples was charged with any crimes for participating in the attack upon P.M., Peoples was charged with committing Level 4 felony possession of cocaine and Level 3 felony dealing in a narcotic drug under Cause No. 46D01-1603-F2-231. Based upon these two new criminal charges, on April 4, 2016, the probation department filed a third petition for revocation of suspended sentence. Peoples later pleaded guilty under Cause No. F2-231 to possession of cocaine as a Level 4 felony and was sentenced to five years executed in the DOC with a recommendation that he be placed in a therapeutic community while serving the five-year sentence in the DOC.

[8] On April 29, 2016, based upon his participation in the beating of P.M., Peoples was charged with aiding battery as a Level 5 felony. On February 24, 2017, Peoples entered into a plea agreement and pleaded guilty to aiding battery as a Level 5 felony, under Cause No. 46C01-1604-F5-377. He also admitted to a probation violation under Cause No. FB-236 (the case where Peoples pleaded guilty to dealing in cocaine as a Class B felony, was sentenced to twelve years in the DOC with six years suspended, and was placed on probation for six years).

[9] On March 10, 2017, the trial court held a sentencing hearing on Peoples's most recent guilty plea and probation violation admission. The trial court found as aggravating factors Peoples's significant criminal history and that Peoples

recently violated the terms of his probation by committing the current offense while on probation. The trial court found as a mitigating factor Peoples's admission of culpability. After finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Peoples to five years in the DOC, with no time suspended, and ordered Peoples to pay $2,592.00 in restitution to the victim. Additionally, for violating the terms of his probation under Cause No. FB-236, the trial court ordered Peoples to serve in the DOC the remaining six years of his suspended sentence, with the possibility that two years of the sentence would be stayed if Peoples successfully completed the sentence he received in Cause No. F2-231 (conviction for Level 4 felony possession of cocaine). The trial court ordered the five-year sentence under Cause No. F5-377 (Level 5 felony aiding battery) and the six-year sentence under Cause No. FB-236 to be served consecutively. Peoples appeals.

# Discussion and Decision

[10] Peoples's argument is that both his five-year sentence for Level 5 felony aiding battery and his six-year sentence for the probation violation are inappropriate under Indiana Appellate Rule 7(B) in light of the nature of the offense and his character. As the State points out, however, Peoples's six-year sentence was the result of his pleading guilty to violating the terms of his probation in a separate cause. The standard of review set forth in Rule 7(B) "is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. *Id.*

An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11] However, Peoples fails to make a cogent argument that his six-year sentence imposed for violating the terms of his probation was an abuse of discretion; as such, any claim of error with respect to that sentence is waived. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (noting that party must make cogent argument regarding abuse of discretion in sentencing separate from inappropriateness analysis in order to preserve claim for appellate review). Additionally, under Indiana Code section 35-50-1-2(e) (2015), Peoples was required to serve the remainder of his sentence imposed under Cause No. FB-236 (Class B felony dealing in cocaine) consecutive to his sentence for the Level 5 felony aiding battery conviction under Cause No. F5-377 because he was arrested for aiding battery before he was discharged from probation under Cause No. FB-236. The trial court had no choice in the matter. As such, the only issue properly before us in this appeal is whether Peoples's five-year sentence for Level 5 felony aiding battery is inappropriate.

[12] Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to

others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[13] Our Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[14] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the General Assembly has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Peoples was convicted of a Level 5 felony, for which the sentencing range is between one and six years, with an advisory sentence of three years. *See* Ind. Code § 35-50-2-6 (2014). The trial court sentenced Peoples to five years, which is above the advisory sentence but below the maximum sentence allowed under the statute.

[15] As to the nature of the offense, Peoples attempts to downplay its nature by asserting that he was not the aggressor in the attack and did not strike the victim with the bottle. We are not persuaded by his assertions. Peoples, along with five other men, first harassed P.M. and then referred to him using derogatory language, apparently because they believed that P.M. was gay. The men,

including Peoples, then followed P.M. out of the bar and brutally attacked him. P.M. was kicked and punched repeatedly by Peoples and the rest of the men. P.M. was hit on the head with a bottle, which caused a deep laceration above his eye that required stitches. Witnesses recalled that derogatory terms were hurled at P.M. both inside the bar and as the attack occurred. P.M. lost consciousness due to the attack, and he was robbed of his wallet, his cell phone, and his necklace. The offense arose from a senseless, brutal attack. We decline to find that Peoples's sentence was inappropriate in light of the nature of the offense.

[16] Regarding Peoples's character, Peoples concedes that he has a significant criminal record but argues that he suffers from a "severe drug problem with marijuana, cocaine, and heroin" and that he does not have a violent criminal history. Appellant's Brief p. 10. However, the trial court did not recognize this evidence as mitigating factors but, instead, focused on Peoples's criminal history that includes a Class B misdemeanor conviction for disorderly conduct, two felony convictions for Class B felony dealing in cocaine, a conviction for Level 4 felony possession of cocaine, and (now) a conviction for Level 5 felony aiding battery. Also, five petitions for revocation of suspended sentence have been filed against Peoples.[2] He violated the conditions of probation on more

---

[2] On May 17, 2016, the probation department filed a fourth petition for revocation of suspended sentence based upon the aiding battery charge filed against Peoples for his participation in the attack on P.M. Prior to the filings of the four most recent petitions for revocation of suspended sentence, in 2005, the probation department filed a petition for revocation of suspended sentence against Peoples in a case that resulted in a conviction for Class B misdemeanor disorderly conduct.

than one occasion, twice failed to appear to court, and committed the instant offense while on probation. Finally, Peoples willingly participated in a mob-like group beating of P.M., apparently because he and the other members of the group took issue with P.M.'s perceived sexual orientation. We cannot say that Peoples's sentence was inappropriate in light of his character.

## Conclusion

[17] Peoples has failed to persuade this Court that the five-year sentence imposed for his conviction for Level 5 felony aiding battery is inappropriate in light of the nature of his offense and his character. We affirm the trial court's sentence.

[18] Affirmed.

Bailey, J., and May, J., concur.